UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL DISIMONE; JENNIFER DISIMONE,

    Plaintiffs,

vs.                         Case No. 2:08-cv-544-FtM-29SPC

LDG SOUTH II, LLC,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #11) filed on August 14, 2008. Plaintiffs filed a Response (Doc. #12) on August 25, 2008.

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations

omitted); Erickson, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Complaint (Doc. #1) alleges the following relevant facts: On July 17, 2006, plaintiffs Michael and Jennifer Disimone (Disimone or plaintiffs) and LDG South II, LLC, a Florida limited liability company (LDG South or defendant) entered into a written agreement (Agreement) for the purchase and sale of a condominium located in Unit A6-101 of The Golf Residences at Grey Oaks (Unit). (Doc. #1, p. 1.) Disimone provided defendant with a total of

$97,500.00 in deposits pursuant to the terms of the Agreement. At no point did LDG South furnish Disimone with a property report pursuant to § 1707 of the Interstate Land Sales Full Disclosure Act (ILSFDA).

Plaintiffs filed a two-count Complaint (Doc. #1). Count one alleges that the Agreement is subject to rescission under the ILSFDA; and Count Two alleges the Agreement is subject to rescission under FLA. STAT. § 718.503.

### III.

The ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites. Winter v. Hollingsworth Props., Inc., 777 F.2d 1444, 1446-47 (11th Cir. 1985); Kamel v. Kenco/The Oaks at Boca Raton LP., No. 08-13692, 2008 WL 4601715 (11th Cir. Oct. 16, 2008). Section 1703(a) makes it unlawful to sell "any lot not exempt under section 1702" unless the seller complies with the provisions of the ILSFDA, including disclosure of a Property Report prior to the purchaser signing a contract. Selling a condominium unit falls within the definition of selling a "lot" within the meaning of the ILSFDA. Id. at 1449.

The interpretation of a federal statute, particularly a statute with nationwide application, is governed by federal law. See, e.g., In re Prudential of Fla. Leasing, Inc., 478 F.3d 1291, 1298 (11th Cir. 2007); Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000). Additionally, state law governing contract

interpretation and enforcement will impact whether a given contract "obligates" the seller to build the condominium. Kamel, 2008 WL 4601715 at *2. While the Court looks to Florida law as to the effect of the Agreement, state law does not control the interpretation of the ILSFDA. Markowitz v. Ne. Land Co., 906 F.2d 100, 105 (3d Cir. 1990).

In 1979, the Secretary published an interpretive rule regarding ILSFDA entitled "Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act," 44 Fed. Reg. 24010 (1979). That rule was superceded in 1984, 49 Fed. Reg. 31375 (1984), and eventually rescinded on March 27, 1996, as part of a streamlining process. 61 Fed. Reg. 13596 (1996). The information was moved to the HUD website, where it is now available as "Supplemental Information to Part 1710: Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act." www.hud.gov/offices/hsg/sfh/ils/ilsexemp.cfm. The Guidelines state that it is intended to clarify HUD polices and positions with regard to the statutory exemptions, and that it is an interpretive rule and not a substantive regulation. 61 Fed. Reg. 13596, 13601 (1996). As an interpretive agency rule, the Guidelines are entitled to some deference. Reno v. Koray, 515 U.S. 50, 59 (1995).

**IV.**

Defendant asserts that plaintiff was not entitled to a Property Report pursuant to § 1707 of the ILSFDA because the

Agreement was exempt under § 1702(a)(2). (Doc. #11, p. 2.)  Under 15 U.S.C. § 1702(a)(2), the sale of a condominium is exempt from the ILSFDA disclosure requirements if the sale is "under a contract obligating the seller . . . to erect [a condominium] thereon within a period of two years."  Defendant argues that such an obligation is found in Paragraph 3(a) of the Agreement entitled "Completion" which states:

> SELLER hereby agrees to construct within the Unit one (1) Model Augusta single-family dwelling (the "Residence") substantially in accordance with SELLER's plans and specifications subject to the availability of labor and materials.  The final certificate of occupancy from the applicable governmental authority shall be determinative with respect to completion of the Unit.  SELLER presently intends to complete construction of all units and all improvements of the Condominium not later than October 31, 2012.  However, for purposes of complying with land sales regulations, SELLER hereby advises that the Unit, as configured in SELLER's plans and specifications for the Condominium, shall be completed not later than two (2) years from the date PURCHASER signs this Agreement (provided, however, that such 2-year date for completion may be extended by reason of delays incurred by circumstances beyond SELLER's control, such as acts of God, or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including without limitation, delays occasioned by rain, wind and lightning storms).  It is the intention of the parties that this sale qualify for the exemption provided by 15 U.S.C. Section 1702(a)(2), and nothing herein contained shall be construed or so operate as to any obligations of SELLER or rights of PURCHASER, in a manner which would render said exemption inapplicable.

(Doc. #1-2, p. 2.)  Plaintiff counters that the Agreement did not contain a true obligation to complete the condominium Unit within two years, and therefore is not exempt from the reporting and disclosure requirements.  (Doc. #12, p. 3.)

**A.**

The Florida Supreme Court has held that "in order for the sale of a condominium in Florida to be exempt from the provisions of the Interstate Land Sales Full Disclosure Act, the contract must unconditionally obligate the developer to complete construction within two years and must not limit the purchaser's remedies of specific performance or damages." Samara Dev. Corp. v. Marlow, 556 So. 2d 1097, 1098 (Fla. 1990). If this is the standard, the Agreement in this case is not exempt because there is not an unconditional promise to complete construction in two years.

Many federal courts, including the undersigned, have not taken the "unconditionally obligate" language of Samara literally. In Stein v. Paradigm Mirsol, LLC, 551 F. Supp 2d 1323, 1328 (M.D. Fla. 2008), appeal docketed, No. 08-10983 (11th Cir. Mar. 5, 2008), the Court stated that "[t]o 'obligate' the timely completion does not require that the contract be unconditional, so long as the condition(s) does not render the apparent obligation illusory." Id. The Court held that a contract "obligates" completion of construction within two years "when that commitment to do so is real and not illusory." Id. Under this approach, the presence of a condition is not determinative. Rather, the court examines the condition(s) to determine whether the apparent obligation to construct within two years is real or is rendered illusory by the condition(s). See also Rondini v. Evernia Props., LLLP, No. 07-81077, 2008 WL 793512 (S.D. Fla. Feb. 13, 2008); Harvey v. Lake

Buena Vista Resort, L.L.C., No. 6:07-cv-1641, 2008 WL 1843909 (M.D. Fla. Apr. 22, 2008); Ryan v. WCI Comtys., Inc., No. 3:08-cv-4, 2008 WL 2557541 (N.D. Fla. Jun. 23, 2008). Thus, the issue in this case is whether the Agreement contains a true commitment to construct the condominium unit within two years or whether the commitment is illusory in light of the conditions.

**B.**

The fourth sentence of Paragraph 3(a) states in relevant part that the agreement to substantially complete construction within two years "may be extended by reasons of delays incurred by circumstances beyond SELLER's control, such as acts of God, or any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including without limitation, delays occasioned by rain, wind, and lightning storms.)" (Doc. #1-2, p. 2, ¶3(a))(emphasis added).

While some legally recognized defenses to contract actions in Florida do not render the agreement illusory, this cannot be said of all such contract defenses. Contract law in Florida provides a generous number of defenses for timely performance of contract. For example, timely performance has been excused for excessive rain. Devco Dev. Corp. v. Hooker Homes, Inc., 518 So. 2d 922 (Fla. 2d DCA 1987). In another case, a heart attack suffered by the President of the developer-corporation excused timely performance of a contract. Camacho Enters., Inc. v. Better Constr., Inc., 343 So. 2d 1296 (Fla. 3d DCA 1977). In Stein, 551 F. Supp 2d at 1330,

the Court found that excluded delays for acts of God and events qualifying under the impossibility defense did not render the obligation to build within two years illusory, but that other contract defenses were broad enough to seriously undermine the obligation to complete a condominium within two years.

The same applies to the instant Agreement. Paragraph 3(a) allows for delays on "any other grounds cognizable in Florida contract law as impossibility or frustration of performance, including without limitation . . ." (Doc. #1-2, p. 2 ¶3(a).) Contrary to defendant's assertions (Doc. #11, pp. 11, 19), the Court finds that language such as "any other grounds" and "including without limitation" expands rather than limits the available bases for delay. The Court also notes that defendant's reliance on Hardwick Props. v. Newbern, 711 So. 2d 35 (Fla. 1st DCA 1998) is misplaced because the completion provision in that case did not include the "any other grounds cognizable in Florida Contract law" language contained in the Agreement in this case. See Hardwick Props., 711 So. 2d at 37. Thus, the Court finds the two year completion obligation illusory, and therefore the Agreement is not exempt from the reporting and disclosure requirements pursuant to the exemption articulated in 15. U.S.C. § 1702(a)(2).

## C.

Defendant argues that the "Invalidity" clause at paragraph 42(a) of the Agreement cures the otherwise illusory nature of the

two year completion provision. (Doc. #11, p. 8.)  Paragraph 42(a) of the Agreement states in relevant part:

> In case any one or more of the provisions contained in this Agreement shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained therein.

(Doc. #1-2, p. 15.)  The Court holds that this provision does not cure the illusory nature of the two year obligation.  The provision which impermissibly limits or qualifies the two year completion obligation is found in Paragraph 3(a).  Striking paragraph 3(a) would leave no obligation on the part of LDG South to complete construction within two years, which clearly would not satisfy the § 1702(a)(2) exemption.  Therefore, defendant's motion to dismiss is denied as to Count One.

The Court notes that plaintiff's Response asks the Court "to enter judgment in favor of Plaintiffs on Count I." (Doc. #12, p. 1.)  However, as that request for relief was not filed as a motion, it will be denied.  See FED. R. CIV. P. 7(b).

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #11) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of January, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge